# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDELARIO VARGAS,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES ROBERTSON,<br><br>    Respondent. | Case No. 1:21-cv-00655-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 12) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On November 15, 2013, Petitioner was convicted in the Tulare County Superior Court of assault with a firearm. On February 20, 2014, Petitioner was sentenced to an imprisonment term of two years for assault with a firearm plus a ten-year enhancement under California Penal Code section 186.22(b)(1)(C) and a three-year enhancement under California Penal Code section 12022.7, for a total imprisonment term of fifteen years. (LD[1] 1). Petitioner did not appeal the judgment. (ECF No. 12 at 1).[2]

On July 9, 2018, the Secretary of the California Department of Corrections and Rehabilitation submitted a letter to the Tulare County Superior Court requesting that the court

---

[1] "LD" refers to the documents lodged by Respondent on June 28 and September 23, 2021. (ECF Nos. 13, 19).
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

exercise its discretion under California Penal Code section 1170(d) to recall Petitioner's sentence and resentence him in light of People v. Gonzalez, 178 Cal. App. 4th 1325 (2009).[3] (LD 9). The Tulare County Superior Court conferred with the prosecutor and Petitioner's trial counsel, who agreed that "the court's sentence was voluntarily bargained for." (LD 10). On November 6, 2018, the Tulare County Superior Court informed the Secretary that Petitioner's sentence would not be recalled, citing to People v. Hester, 22 Cal. 4th 290 (2000).[4] (LD 10).

On November 18, 2018,[5] Petitioner, proceeding pro se, constructively filed a state habeas petition in the Tulare County Superior Court, which denied the petition on December 21, 2018. (LDs 2, 3). On February 20, 2020, Petitioner, with the assistance of counsel, filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on March 19, 2020. (LDs 4, 5). On April 8, 2020, Petitioner, with the assistance of counsel, filed a petition for review in the California Supreme Court, which denied the petition on May 13, 2020. (LDs 6–8).

On February 2, 2021, Petitioner constructively filed the instant federal petition for writ of habeas corpus, raising the following claims for relief: (1) whether an unlawful sentence must be recalled via California Penal Code section 1170(d) when a court violates mandatory provisions governing the length of confinement; (2) whether recall and resentencing proceedings require notice to the offender, their appearance, the assistance of counsel, and the opportunity to appeal

---

[3] The letter noted that in Gonzalez, "the appellate court held the trial court should not have imposed sentence enhancements under section 12022.7, subdivision (a) and section 186.22, subdivision (b)(1)(C) because both sentence enhancements were based on the great bodily injury the defendant caused while committing the underlying offense." (LD 9 (citing Gonzalez, 178 Cal. App. 4th at 1332)).

[4] The letter quoted the following language from Hester:
> The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. . . . When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.

Hester, 22 Cal. 4th at 295 (internal quotation marks and citations omitted).

[5] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 12 at 2 n.1).

an order denying recall and resentencing; and (3) whether equal protection is violated when only some similarly situated offenders are granted a resentencing hearing to address unlawful great bodily injury enhancements. (ECF No. 1).

On June 28, 2021, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period and fails to state a cognizable federal habeas claim. (ECF No. 12). To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed. On August 23, 2021,[6] the Court ordered supplemental briefing and further development of the record. (ECF No. 17). Respondent filed a supplemental brief and lodged additional documents on September 23, 2021. (ECF Nos. 18, 19). Petitioner did not file any response to the supplemental brief, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[6] The order was signed on August 20, 2021, but docketed on August 23, 2021.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Respondent so argues. (ECF No. 12 at 3). Here, however, the petition concerns the superior court's refusal to recall Petitioner's sentence and the process that is due for recall and resentencing proceedings. Therefore, it appears that § 2244(d)(1)(D) is applicable. Respondent argues that to the extent § 2244(d)(1)(D) applies, the "statute of limitation would have started running, at the latest, on June 27, 2018, when California Penal Code section 1170(d) was amended to allow the trial court to modify the judgment, including those entered after a plea agreement." (ECF No. 18 at 3). However, the factual predicate of Petitioner's claims is not the enactment of section 1170(d) but rather the trial court's alleged error in declining to recall Petitioner's sentence and resentence him and doing so without notice, Petitioner's appearance, the assistance of counsel, and the opportunity to appeal. Accordingly, the undersigned finds that the November 6, 2018 superior court letter declining to recall Petitioner's sentence is the "factual predicate" of the claims presented in the instant petition. See Shannon v. Newland, 410 F.3d 1083, 1088 (9th Cir. 2005) (noting that "a state-court decision can, in some circumstances, qualify as a fact" under § 2255 or a "factual predicate" under § 2244(d)(1)(D)); Murphy v. Santoro, No. 1:18-cv-00148-AWI-JDP, 2019 WL 917420, at *2 (E.D. Cal. Feb. 25, 2019) ("The factual predicate here is when the petitioner became aware of, or could have discovered through due diligence, the state court's November 20, 2014, determination to deny resentencing under Proposition 36; petitioner could not have known that he would have claims related to resentencing until his request for

1 resentencing was denied."); Gonzalez v. Paramo, No. ED CV 16-1087-JFW (SP), 2017 WL 1536485, at *4 (C.D. Cal. Mar. 20, 2017) ("[T]he factual predicate of petitioner's claim here is not the enactment of § 1170.126, but rather the trial court's alleged error in finding petitioner ineligible for resentencing."), report and recommendation adopted, 2017 WL 1536385 (C.D. Cal. Apr. 26, 2017). Therefore, the one-year limitation period commenced running the following day, November 7, 2018, and absent tolling, was set to expire on November 6, 2019. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

### B. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). A habeas petition that is untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Therefore, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period." Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)). "[I]f a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 197–98).

California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely. Carey v. Saffold, 536 U.S. 214, 222 (2002). The California Supreme Court has held that "[a] new petition filed in a higher court within 120 days of the lower court's denial will never be considered untimely due to gap delay." Robinson v. Lewis, 9 Cal. 5th 883, 900 (2020). California courts allow a longer delay if a petitioner demonstrates good cause for the delay or an exception applies. Id. at 901.

On November 18, 2018, Petitioner, proceeding pro se, constructively filed a state habeas petition in the Tulare County Superior Court, which denied the petition on December 21, 2018. (LDs 2, 3). Respondent does not argue that this state habeas petition was improperly filed and

acknowledges that Petitioner would be entitled to statutory tolling assuming that Petitioner is entitled to a later commencement of the limitation period pursuant to § 2244(d)(1)(D). (ECF No. 18 at 3). Accordingly, Petitioner is entitled to statutory tolling for the period Petitioner's habeas petition was pending in the Tulare County Superior Court.

On February 20, 2020, Petitioner, with the assistance of counsel, filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on March 19, 2020. (LDs 4, 5). Respondent argues that Petitioner unreasonably waited 425 days to file his petition and thus, it was improperly filed and did not toll the limitation period. (ECF No. 18 at 4). As noted above, California courts allow a substantial delay longer than 120 days if a petitioner demonstrates good cause for the delay or an exception applies. Here, Petitioner has not filed an opposition to the motion to dismiss, and Petitioner has not filed a response to Respondent's supplemental briefing. Petitioner does not demonstrate good cause for the 425-day delay in filing his petition in the California Court of Appeal or that an exception applies. Accordingly, Petitioner is not entitled to statutory tolling for the period Petitioner's habeas petition was pending in the California Court of Appeal, and the limitation period expired during this 425-day delay.

The limitation period expired before Petitioner filed his petition for review in the California Supreme Court, and § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, Petitioner is not entitled to statutory tolling for the period Petitioner's petition for review was pending in the California Supreme Court, and the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

**C. Equitable Tolling**

The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Indeed, Petitioner failed to oppose this motion to dismiss in any way. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.[7]

### III.
### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 12) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 25, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[7] In light of the determination that the petition is untimely, the undersigned will not address Respondent's other argument in the motion to dismiss that the petition should be dismissed for failure to state a cognizable federal habeas claim.