UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDELARIO VARGAS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JAMES ROBERTSON,<br><br>　　　　　Respondent. | No. 1:21-cv-00655-ADA-SAB (HC)<br><br>ORDER REFERRING MATTER BACK TO THE MAGISTRATE JUDGE FOR AMENDED FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 12, 22) |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On January 25, 2022, the assigned Magistrate Judge issued findings and recommendations that recommended granting Respondent's motion to dismiss and dismissing the petition as untimely. (ECF No. 22.) The findings and recommendations were served on Petitioner and contained notice that any objections were to be filed within thirty days of the date of service of the findings and recommendations. On February 22, 2022, Petitioner filed timely objections. (ECF No. 24.)

　　　　The Court agrees with the Magistrate Judge that 28 U.S.C. § 2244(d)(1)(D) governs the determination of the applicable statute of limitations in this case. (*See* ECF No. 22 at 4.) The Court disagrees, however, that the factual predicate triggering the statute of limitations occurred

1

on November 6, 2018, the date on which the state court mailed notice to the California Department of Corrections and Rehabilitation (CDCR) that it would decline to resentence Petitioner.  Section 2244(d)(1)(D) states that the statute of limitations shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  As the Magistrate Judge observes, "the trial court declined to recall Petitioner's sentence and resentence him . . . without notice, Petitioner's appearance, the assistance of counsel, and the opportunity to appeal."  (ECF No. 22 at 4.)  Respondent lodged copies of two letters concerning the trial court's decision: (1) a letter, dated July 9, 2018, from CDCR providing the Tulare County Superior Court with authority to resentence petitioner; and (2) a letter, dated November 6, 2018, from the Tulare County Superior Court to CDCR declining to resentence petitioner.  (LD 9, 10.)  There is no indication that Petitioner received a copy of either letter.  Additionally, both parties provided copies of Petitioner's 2020 state court habeas corpus filings.  (*See* ECF No. 1 at 17–63; LD 4, 6.)  In those filings, Petitioner's attorney notes that Petitioner never received information about either the CDCR letter or the Tulare County Superior Court denial.  (LD 4 at 12–13; LD 6 at 10.)  It appears from the language in the briefs that Petitioner's attorney also filed a declaration from Petitioner verifying this information, though neither party included that declaration in their own exhibits.  *Id.*

       The Magistrate Judge and Respondent draw an inference, not unreasonably, between Petitioner's request on November 18, 2018 for resentencing and his knowledge of the proceedings that occurred in Tulare County Superior Court resulting in the November 6, 2018 letter to CDCR.  (*See* ECF No. 22 at 5–6.)  Such a connection, however, is not necessarily warranted.  Petitioner's 2018 petition simply seeks resentencing based on the trial court's alleged violation of Penal Code section 1170.1(g).  (LD 2 at 3.)  It makes no mention of the trial court's decision regarding CDCR's letter.  In denying the petition, the Tulare County Superior Court similarly made no mention of any prior proceedings regarding Petitioner's sentence.  Given the circumstances, the undersigned does not believe Petitioner could have discovered the factual predicate for his habeas claim – the denial of resentencing following an unnoticed 2018 hearing where Petitioner was not present – through the exercise of due diligence on the very date of the

1  trial court's denial.  There is no evidence that Petitioner received any notice or other form of
2  communication about the hearing.  Further, there is no reason that Petitioner would have thought
3  to seek out this information if he had no knowledge that the hearing had even occurred.
4        As the Magistrate Judge noted, Petitioner, with the assistance of counsel, filed a state
5  habeas petition on February 20, 2020.  Both the Court of Appeal and California Supreme Court
6  summarily denied the petition.  Subsequently, 265 days passed before Petitioner filed this action
7  in federal court.  Petitioner's first state habeas petition asserts that he filed that petition with
8  reasonable diligence after discovering the fact that the trial court had held a resentencing hearing
9  without Petitioner present.  (LD 4 at 13–14.)  The question then becomes: on what date could
10 Petitioner have learned of the factual predicate?  If it was within 100 days of filing his initial state
11 court habeas petition, Petitioner would not be subject to the statute of limitations bar.
12       The court notes that it is Petitioner's burden to prove that his petition is not barred by the
13 statute of limitations.  *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).  Due to the lack of
14 clarity regarding the date on which the statute of limitations began to run in this case, the court
15 will refer the matter back to the assigned Magistrate Judge and provide Petitioner an opportunity
16 to address this issue.  Specifically, Petitioner is directed to provide affidavits and/or other
17 evidence concerning (1) when he learned of the proceedings in Tulare County Superior Court
18 following the July 9, 2018 letter from CDCR; (2) who informed Petitioner of that proceeding; (3)
19 what steps Petitioner took to learn about the proceeding; (4) when Petitioner retained counsel to
20 file his state habeas petitions; and (5) any other information relevant to the question of the
21 applicable statute of limitations term.
22       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
23 *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's
24 objections, the court refers the matter back to the assigned Magistrate Judge for amended findings
25 and recommendations responsive to the information Petitioner has been directed to provide.
26 ///
27 ///
28 ///

Accordingly:

1. Petitioner is directed to file within thirty (30) days of the date of service of this order documentation regarding how and when he learned of the hearing held in Tulare County Superior Court pursuant to the July 9, 2018, letter from CDCR;
2. Within twenty-one (21) days of the date of service of Petitioner's filing, Respondent may file a response brief; and
3. Within seven (7) days of the date of service of Respondent's response, Petitioner may file a reply.
4. The undersigned refers the matter back to the assigned Magistrate Judge for amended findings and recommendations (ECF No. 22).

IT IS SO ORDERED.

Dated:   October 13, 2022

UNITED STATES DISTRICT JUDGE