# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDELARIO VARGAS,<br><br>  Petitioner,<br><br>  v.<br><br>JAMES ROBERTSON,<br><br>  Respondent. | Case No. 1:21-cv-00655-JLT-SAB-HC<br><br>ORDER VACATING JANUARY 25, 2022 FINDINGS AND RECOMMENDATION<br><br>AMENDED FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS<br><br>(ECF Nos. 12, 22) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On November 15, 2013, Petitioner was convicted in the Tulare County Superior Court of assault with a firearm. On February 20, 2014, Petitioner was sentenced to an imprisonment term of two years for assault with a firearm plus a ten-year enhancement under California Penal Code section 186.22(b)(1)(C) and a three-year enhancement under California Penal Code section 12022.7, for a total imprisonment term of fifteen years. (LD[1] 1.) Petitioner did not appeal the judgment. (ECF No. 12 at 1.)[2]

On July 9, 2018, the Secretary of the California Department of Corrections and Rehabilitation submitted a letter to the Tulare County Superior Court requesting that the court

---

[1] "LD" refers to the documents lodged by Respondent on June 28 and September 23, 2021. (ECF Nos. 13, 19.)
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

exercise its discretion under California Penal Code section 1170(d) to recall Petitioner's sentence and resentence him in light of People v. Gonzalez, 178 Cal. App. 4th 1325 (2009).[3] (LD 9.) The Tulare County Superior Court conferred with the prosecutor and Petitioner's trial counsel, who agreed that "the court's sentence was voluntarily bargained for." (LD 10.) On November 6, 2018, the Tulare County Superior Court informed the Secretary that Petitioner's sentence would not be recalled, citing to People v. Hester, 22 Cal. 4th 290 (2000).[4] (Id.)

On November 18, 2018,[5] Petitioner, proceeding pro se, constructively filed a state habeas petition in the Tulare County Superior Court, which denied the petition on December 21, 2018. (LDs 2, 3.) On February 20, 2020, Petitioner, with the assistance of counsel, filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on March 19, 2020. (LDs 4, 5.) On April 8, 2020, Petitioner, with the assistance of counsel, filed a petition for review in the California Supreme Court, which denied the petition on May 13, 2020. (LDs 6–8.)

On February 2, 2021, Petitioner constructively filed the instant federal petition for writ of habeas corpus challenging the superior court's denial of recall on the grounds that his sentence is unlawful and that denial of recall without notice to the offender, the assistance of counsel, the opportunity to be heard and present evidence, and the opportunity to appeal violated due process and equal protection. (ECF No. 1.) On June 28, 2021, Respondent filed a motion to dismiss,

---

[3] The letter noted that in Gonzalez, "the appellate court held the trial court should not have imposed sentence enhancements under section 12022.7, subdivision (a) and section 186.22, subdivision (b)(1)(C) because both sentence enhancements were based on the great bodily injury the defendant caused while committing the underlying offense." (LD 9 (citing Gonzalez, 178 Cal. App. 4th at 1332)).

[4] The letter quoted the following language from Hester:
> The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. . . . When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.

Hester, 22 Cal. 4th at 295 (internal quotation marks and citations omitted).

[5] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 12 at 2 n.1.)

arguing that the petition was filed outside the one-year limitation period and fails to state a cognizable federal habeas claim. (ECF No. 12.) On August 23, 2021,[6] the Court ordered supplemental briefing and further development of the record. (ECF No. 17.) Respondent filed a supplemental brief and lodged additional documents on September 23, 2021. (ECF Nos. 18, 19.) Petitioner did not file any response to the supplemental brief.

On January 25, 2022, the Court issued findings and recommendation recommending that Respondent's motion to dismiss be granted and the petition be dismissed. (ECF No. 22.) On February 22, 2022, Petitioner filed timely objections. (ECF No. 24.) The assigned District Judge directed Petitioner to file "documentation regarding how and when he learned of the hearing held in Tulare County Superior Court pursuant to the July 9, 2018, letter from CDCR" and referred the matter back for amended findings and recommendations. (ECF No. 26.) Petitioner filed a declaration. (ECF No. 27.) To date, Respondent has not filed a response to Petitioner's declaration, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

1. Commencement of Limitation Period

Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[6] The order was signed on August 20, 2021, but not docketed until August 23, 2021.

>    judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, however, the petition concerns the superior court's refusal to recall Petitioner's sentence and the process that is due for recall and resentencing proceedings. Therefore, § 2244(d)(1)(D) is applicable, and the limitation period began to run when Petitioner became aware of the trial court's alleged error in declining to recall Petitioner's sentence and resentence him and doing so without notice, Petitioner's appearance, the assistance of counsel, and the opportunity to be heard and appeal. See Murphy v. Santoro, No. 1:18-cv-00148-AWI-JDP, 2019 WL 917420, at *2 (E.D. Cal. Feb. 25, 2019) ("The factual predicate here is when the petitioner became aware of, or could have discovered through due diligence, the state court's November 20, 2014, determination to deny resentencing under Proposition 36; petitioner could not have known that he would have claims related to resentencing until his request for resentencing was denied.")

///

///

In his declaration, Petitioner declares in pertinent part:

In December 2019, I was first informed by Mr. McComas[7] that the CDCR had sent a request for recall and resentencing to the Tulare County Superior Court. . . .

Also, in December 2019, I was first informed by Mr. McComas that the superior court had denied recall and resentencing in my absence, but with my former counsel present.

(ECF No. 27 at 1 ¶¶ 2, 3.) Accordingly, the Court finds that Petitioner became aware of the "factual predicate" of his claims (the trial court's alleged error in declining to recall Petitioner's sentence and resentence him and doing so without notice, Petitioner's appearance, the assistance of counsel, and the opportunity to be heard and appeal) in December 2019. Therefore, the one-year limitation period commenced running the following day, January 1, 2020, and absent tolling, was set to expire on December 31, 2020.[8] See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

2.  Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). A habeas petition that is untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Therefore, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period." Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)). "[I]f a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 197–98).

///

---

[7] Mr. McComas is an attorney who agreed to evaluate the enhancements in Petitioner's case on a pro bono basis. (ECF No. 27 at 1 ¶1.)

[8] Petitioner only provides the month, but not a specific date, on which he learned of the superior court denying recall and resentencing in Petitioner's absence. The Court will assume that he learned of the denial on December 31, 2019, the date most favorable to Petitioner.

1     California courts apply a general "reasonableness" standard to determine whether a state
2 habeas petition is timely. Carey v. Saffold, 536 U.S. 214, 222 (2002). The California Supreme
3 Court has held that "[a] new petition filed in a higher court within 120 days of the lower court's
4 denial will never be considered untimely due to gap delay." Robinson v. Lewis, 9 Cal. 5th 883,
5 900 (2020). California courts allow a longer delay if a petitioner demonstrates good cause for the
6 delay or an exception applies. Id. at 901.

7 **a.  State Habeas Petition Filed in the Tulare County Superior Court**

8     On November 18, 2018, Petitioner, proceeding pro se, constructively filed a state habeas
9 petition in the Tulare County Superior Court, which denied the petition on December 21, 2018.
10 (LDs 2, 3). As this state habeas petition was filed and denied before the one-year limitation
11 period commenced, Petitioner is not entitled to statutory tolling for the period during which this
12 petition was pending. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (finding that a state
13 habeas petition filed and denied before the federal limitations period began to run "ha[s] no
14 effect on the timeliness of the ultimate federal filing").

15 **b.  State Habeas Petition Filed in the California Court of Appeal**

16     On February 20, 2020, Petitioner, with the assistance of counsel, filed a state habeas
17 petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on
18 March 19, 2020. (LDs 4, 5.) Respondent argues that Petitioner unreasonably waited 425 days to
19 file his petition in the California Court of Appeal and thus, it was improperly filed and did not
20 toll the limitation period. (ECF No. 18 at 4.)

21     Respondent treats this 425-day period between the Tulare County Superior Court's denial
22 of Petitioner's state habeas petition and the filing of the state habeas petition in the California
23 Court of Appeal as a "gap delay," which is "the time gap between the denial of a petition for a
24 writ of habeas corpus in a lower California court and the filing of a new petition in a higher
25 California court *raising the same claims* for purposes of determining whether a claim was timely
26 presented." Robinson, 9 Cal. 5th at 890 (emphasis added). However, Petitioner was not aware of
27 the denial of recall at the time he filed his November 18, 2018 petition in the Tulare County
28 Superior Court. That petition merely sought resentencing based on the trial court's alleged

1 violation of Penal Code section 1170.1(g) and makes no mention of the denial of recall. (LD 2 at
2 3.) In denying the petition, the Tulare County Superior Court similarly made no mention of any
3 denial of recall. (LD 3.) In contrast, the February 20, 2020 petition filed in the California Court
4 of Appeal specifically challenged the superior court's denial of recall. (LD 5.)

5       The pertinent issue is not "gap delay" but rather whether the claims were "presented
6 without substantial delay," which "is measured from the time the petitioner or his or her counsel
7 knew, or reasonably should have known, of the information offered in support of the claim and
8 the legal basis for the claim." Robinson, 9 Cal. 5th at 897. Here, Petitioner became aware of the
9 trial court's alleged error in declining to recall Petitioner's sentence and resentence him and
10 doing so without notice, Petitioner's appearance, the assistance of counsel, and the opportunity to
11 be heard and appeal in December 2019. Petitioner filed the state habeas petition in the California
12 Court of Appeal on February 20, 2020. The Court finds that the two months it took for Petitioner
13 to present his claims to the California Court of Appeal does not constitute substantial delay, and
14 thus, the petition was timely filed. Accordingly, Petitioner is entitled to statutory tolling for the
15 period Petitioner's habeas petition was pending in the California Court of Appeal.

16       **c.   Petition for Review Filed in the California Supreme Court**

17       On April 8, 2020, Petitioner, with the assistance of counsel, filed a petition for review in
18 the California Supreme Court, which denied the petition on May 13, 2020. (LDs 6–8.) There is
19 no indication that this petition was improperly filed. Accordingly, Petitioner is entitled to
20 statutory tolling for the period Petitioner's petition for review was pending in the California
21 Supreme Court.

22       The Court finds that the instant federal petition was filed within the one-year limitation
23 period when statutory tolling is applied. As set forth above, Petitioner's state habeas petition
24 filed in the Tulare County Superior Court did not toll the limitation period. Fifty days elapsed
25 between the date Petitioner learned of the factual predicate of his claims (December 31, 2019)
26 and the date Petitioner filed his state habeas petition in the California Court of Appeal (February
27 20, 2020). AEDPA's one-year clock stopped while the petitions in the California Court of
28 Appeal and the California Supreme Court were pending (February 20, 2020–May 13, 2020). The

one-year limitation period therefore expired on March 24, 2021. Here, the petition was constructively filed on February 2, 2021, and thus was filed within the one-year limitation period.[9] Accordingly, dismissal is not warranted on this ground.

### B. Cognizability of Claims in Federal Habeas Corpus

Petitioner challenges the superior court's denial of recall on the grounds that his sentence is unlawful and that denial of recall without notice to the offender, the assistance of counsel, the opportunity to be heard and present evidence, and the opportunity to appeal violated due process and equal protection. (ECF No. 1.) Respondent also moves to dismiss the petition because the grounds raised in the petition do not raise a federal claim because the state courts determined that Petitioner did not qualify for resentencing and a federal habeas court is bound by the state courts' interpretation and application of state law. (ECF No. 12 at 5–6.)

Generally, "[s]imple errors of state law do not warrant federal habeas relief," Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009), and Petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process," Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). However, "[a] state court's misapplication of state sentencing law may violate due process if a petitioner can demonstrate both state sentencing error and that the error was 'so arbitrary or capricious as to constitute an independent due process' violation." Cole v. Sullivan, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020) (quoting Richmond v. Lewis, 506 U.S. 40, 50 (1992)). Additionally, "[f]ederal due process challenges to state adjudications of state substantive rights are generally cognizable . . . particularly . . . where, as here, a pro se petitioner raises a question not yet clearly decided" regarding due process protections for state resentencing. Clayton v. Biter, 868 F.3d 840, 846 n.2 (9th Cir. 2017).

Respondent has not addressed whether the denial of recall was arbitrary or capricious or whether a liberty interest in recall and resentencing exists. Accordingly, the Court will recommend that the motion to dismiss be denied on this ground without prejudice to Respondent renewing the cognizability argument in an answer.

---

[9] In light of this conclusion, the Court declines to address whether Petitioner has established that equitable tolling is warranted.

## III.

## ORDER & RECOMMENDATION

The Court HEREBY ORDERS that the Findings and Recommendation issued on January 25, 2022 (ECF No. 22) is VACATED.

Further, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 12) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 4, 2023**

UNITED STATES MAGISTRATE JUDGE