# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDELARIO VARGAS,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES ROBERTSON,<br><br>    Respondent. | Case No. 1:21-cv-00655-NODJ-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On November 15, 2013, Petitioner was convicted in the Tulare County Superior Court of assault with a firearm. On February 20, 2014, Petitioner was sentenced to an imprisonment term of two years for assault with a firearm plus a ten-year enhancement under California Penal Code section 186.22(b)(1)(C) and a three-year enhancement under California Penal Code section 12022.7, for a total imprisonment term of fifteen years. (LD[1] 1.) Petitioner did not appeal the judgment. (ECF No. 12 at 1.[2])

---

[1] "LD" refers to the documents lodged by Respondent on June 28 and September 23, 2021. (ECF Nos. 13, 19.)
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

On July 9, 2018, the Secretary of the California Department of Corrections and Rehabilitation submitted a letter to the Tulare County Superior Court requesting that the court exercise its discretion under California Penal Code section 1170(d) to recall Petitioner's sentence and resentence him in light of People v. Gonzalez, 178 Cal. App. 4th 1325 (2009).[3] (LD 9.) The Tulare County Superior Court conferred with the prosecutor and Petitioner's trial counsel, who agreed that "the court's sentence was voluntarily bargained for." (LD 10.) On November 6, 2018, the Tulare County Superior Court informed the Secretary that Petitioner's sentence would not be recalled. (Id.)

On November 18, 2018,[4] Petitioner, proceeding pro se, constructively filed a state habeas petition in the Tulare County Superior Court, which denied the petition on December 21, 2018. (LDs 2, 3.) On February 20, 2020, Petitioner, with the assistance of counsel, filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on March 19, 2020. (LDs 4, 5.) On April 8, 2020, Petitioner, with the assistance of counsel, filed a petition for review in the California Supreme Court, which denied the petition on May 13, 2020. (LDs 6–8.)

On February 2, 2021, Petitioner constructively filed the instant federal petition for writ of habeas corpus challenging the superior court's denial of recall on the grounds that his sentence is unlawful and that denial of recall without notice to the offender, the assistance of counsel, the opportunity to be heard and present evidence, and the opportunity to appeal violated due process and equal protection. (ECF No. 1.) On June 28, 2021, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period and fails to state a cognizable federal habeas claim. (ECF No. 12.) On August 23, 2021, the Court ordered supplemental briefing and further development of the record. (ECF No. 17.) Respondent filed a supplemental brief and lodged additional documents on September 23, 2021. (ECF Nos. 18, 19.)

---

[3] The letter noted that in Gonzalez, "the appellate court held the trial court should not have imposed sentence enhancements under section 12022.7, subdivision (a) and section 186.22, subdivision (b)(1)(C) because both sentence enhancements were based on the great bodily injury the defendant caused while committing the underlying offense." (LD 9 (citing Gonzalez, 178 Cal. App. 4th at 1332)).

[4] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988).

1   On January 25, 2022, the Court issued findings and recommendation recommending that Respondent's motion to dismiss be granted and the petition be dismissed. (ECF No. 22.) On February 22, 2022, Petitioner filed timely objections. (ECF No. 24.) The assigned District Judge directed Petitioner to file "documentation regarding how and when he learned of the hearing held in Tulare County Superior Court pursuant to the July 9, 2018, letter from CDCR" and referred the matter back for amended findings and recommendations. (ECF No. 26.) On May 5, 2023, the Court issued amended findings and recommendation recommending that the motion to dismiss be denied. (ECF No. 28.) On September 5, 2023, the assigned District Judge adopted the amended findings and recommendation and denied the motion to dismiss. (ECF No. 29.)

On November 9, 2023, Respondent filed an answer to the petition. (ECF No. 35.) To date, no reply has been filed, and the time for doing so has passed.[5]

## II.

## STANDARD OF REVIEW

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

Under AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

///

---

[5] On January 4, 2024, a court order mailed to Petitioner was returned as undeliverable with a notation that Petitioner was paroled.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Lockyer v. Andrade, 538 U.S. 63, 70–71 (2003); Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id. In addition, the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009) (quoting Wright v. Van Patten, 552 U.S. 120, 125 (2008)); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v. Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an end and the Court must defer to the state court's decision. Musladin, 549 U.S. 70; Wright, 552 U.S. at 126; Moses, 555 F.3d at 760.

If the Court determines there is governing clearly established Federal law, the Court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." Lockyer, 538 U.S. at 72 (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412–13; see also Lockyer, 538 U.S. at 72. "The

word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405 (quoting Webster's Third New International Dictionary 495 (1976)). "A state-court decision will certainly be contrary to [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Id. If the state court decision is "contrary to" clearly established Supreme Court precedent, the state decision is reviewed under the pre-AEDPA de novo standard. Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).

"Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411; see also Lockyer, 538 U.S. at 75–76. The writ may issue only "where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Richter, 562 U.S. at 102. In other words, so long as fairminded jurists could disagree on the correctness of the state court's decision, the decision cannot be considered unreasonable. Id. If the Court determines that the state court decision is objectively unreasonable, and the error is not structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious effect on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

The Court looks to the last reasoned state court decision as the basis for the state court judgment. Wilson v. Sellers, 584 U.S. 122, 125 (2018); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this Court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at

1  99. This presumption may be overcome by a showing "there is reason to think some other
2  explanation for the state court's decision is more likely." Id. at 99–100 (citing Ylst v.
3  Nunnemaker, 501 U.S. 797, 803 (1991)).

4  Where the state courts reach a decision on the merits but there is no reasoned decision, a
5  federal habeas court independently reviews the record to determine whether habeas corpus relief
6  is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853
7  (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional
8  issue, but rather, the only method by which we can determine whether a silent state court
9  decision is objectively unreasonable." Himes, 336 F.3d at 853. While the federal court cannot
10 analyze just what the state court did when it issued a summary denial, the federal court must
11 review the state court record to determine whether there was any "reasonable basis for the state
12 court to deny relief." Richter, 562 U.S. at 98. This Court "must determine what arguments or
13 theories . . . could have supported, the state court's decision; and then it must ask whether it is
14 possible fairminded jurists could disagree that those arguments or theories are inconsistent with
15 the holding in a prior decision of [the Supreme] Court." Id. at 102.

16 **III.**
17 **DISCUSSION**
18 **A. Ground One**

19 In his first claim for relief, Petitioner asserts that the trial court erred in declining to recall
20 Petitioner's allegedly unlawful sentence. (ECF No. 1 at 5.) Respondent argues that this claim
21 presents no federal question and was neither arbitrary and capricious nor fundamentally unfair.
22 (ECF No. 35 at 5.)

23 By statute, federal courts "shall entertain an application for a writ of habeas corpus in
24 behalf of a person in custody pursuant to the judgment of a State court only on the ground that he
25 is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.
26 § 2254(a). "[T]he second use of 'in custody' in the statute requires literally that the person
27 applying for the writ is contending that he is 'in custody' in violation of *the Constitution or other*
28 *federal laws*." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (emphasis added).

Errors of state law generally do not warrant federal habeas corpus relief. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citations omitted)). Petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Nevertheless, a state court's misapplication of state law may give rise to federal habeas corpus relief if a petitioner can demonstrate that the error was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). See also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

Here, the Tulare County Superior Court conferred with the prosecutor and Petitioner's trial counsel, who agreed that "the court's sentence was voluntarily bargained for," and informed the Secretary that Petitioner's sentence would not be recalled, citing to People v. Hester, 22 Cal. 4th 290 (2000). (LD 10.) The court quoted the following language from Hester:

> The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. . . . When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.

(LD 10 (quoting Hester, 22 Cal. 4th at 295 (internal quotation marks and citations omitted)).) In denying Petitioner's habeas petition, the Tulare County Superior Court stated:

> Petitioner requests resentencing under the theory that the Tulare Court Superior Court imposed an unauthorized sentence under PC 1170.l(g). Petitioner was sentenced to a term of 15 years on February 20, 2014 as follows; Two years for

> assault with a firearm under PC 245(a)(2), with a ten year enhancement under PC 186.22(b)(l)(c), and a three year enhancement under PC 12022.7.
>
> Petitioner claims that the Court was prevented from stacking the enhancement terms, and was limited to the higher of the two enhancements.
>
> Petitioner's claim is not well taken, as the Count 1 Petitioner pled to was not the original count in the Complaint. Rather, it was a reduced charge that Petitioner entered into as the result of a plea agreement. This plea agreement is clearly set out in the November 13, 2013 Court minutes, as well as the November 15, 2013 Court minutes. It is also clearly stated on the record at the sentencing hearing that Petitioner was taking a plea deal, and waiving any right to appeal.
>
> Where defendants have pleaded guilty in return for a specified sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack fundamental jurisdiction ... When a defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under other rules by choosing to accept the plea bargain. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process (which Defendant waived in in [sic] any event this case).

(LD 3.)

The state court declined to recall Petitioner's sentence because Petitioner pleaded guilty in exchange for a reduced charge and specified sentence, relying on California Supreme Court precedent. Petitioner has not demonstrated that the state court's determination was arbitrary and capricious or was otherwise fundamentally unfair. Accordingly, Petitioner is not entitled to federal habeas corpus relief on his first claim, and it should be denied.

**B.  Ground Two**

In his second claim for relief, Petitioner asserts that the denial of recall without notice to the offender, the assistance of counsel, the opportunity to be heard and present evidence, and the opportunity to appeal violated due process and equal protection. (ECF No. 1 at 5.) Respondent argues that Petitioner is not entitled to relief because "[e]rrors in the collateral review process are generally not cognizable in federal habeas proceedings" and "Petitioner has not shown that any of his claimed rights for these collateral sentencing proceedings were clearing established by the U.S. Supreme Court." (ECF No. 35 at 7.)

This claim was raised in a state habeas petition filed in the California Court of Appeal, which summarily denied the petition. (LDs 4, 5.) The claim was also raised in the California

Supreme Court, which summarily denied Petitioner's petition for review. (LDs 6–8.) There is no reasoned state court decision on this claim, and the Court presumes that the state court adjudicated the claim on the merits. See Johnson, 568 U.S. at 301. Accordingly, AEDPA's deferential standard of review applies, and the Court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 102.

The Ninth Circuit has noted that "[f]ederal due process challenges to state adjudications of state substantive rights are generally cognizable. This may be particularly true where, as here, a pro se petitioner raises a question not yet clearly decided." Clayton v. Biter, 868 F.3d 840, 846 n.2 (9th Cir. 2017). Although "[f]ederal due process challenges to state adjudications of state substantive rights are generally cognizable," id., the Court finds that Petitioner is not entitled to habeas relief here. "[W]hen a Supreme Court case "does not 'squarely address[ ] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court . . . it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue before us, and so we must defer to the state court's decision." Moses, 555 F.3d at 754 (second, third, and fourth alterations in original) (quoting Wright, 552 U.S. at 125). Here, as noted by Respondent, "no prior Supreme Court case has clearly held that Sixth Amendment rights to notice, counsel, appeal, and personal appearance attach to post-conviction sentence recall proceedings." (ECF No. 35 at 8.) Therefore, the state court's denial of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact. The state court's decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

Further, Petitioner "cannot establish an equal protection claim warranting habeas relief, simply because, or if, the [state court] misapplied [California] law or departed from its past precedents." Little v. Crawford, 449 F.3d 1075, 1083 (9th Cir. 2006). See Beck v. Washington,

369 U.S. 541, 554–55 (1962) ("We have said time and again that the Fourteenth Amendment does not assure uniformity of judicial decisions . . . [or] immunity from judicial error . . . . Were it otherwise, every alleged misapplication of state law would constitute a federal constitutional question." (citations and internal quotation marks omitted) (alterations in original)).

Based on the foregoing, Petitioner is not entitled to federal habeas corpus relief on his second claim, and it should be denied.

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 23, 2024**

UNITED STATES MAGISTRATE JUDGE