UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDELARIO VARGAS,<br><br>            Petitioner,<br><br>    v.<br><br>JAMES ROBERTSON,<br><br>            Respondent. | No. 1:21-cv-00655-KES-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 37) |

      Candelario Vargas ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 23, 2024, the assigned magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be denied. Doc. 37. The findings and recommendations were served on the parties[1] and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations. *Id.* at 10. To date, no objections have been filed, and the time for doing so has passed.

      In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the relevant filings, the Court holds the findings and

---

[1] Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f).

1

recommendations to be supported by the record and proper analysis.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that Petitioner should be allowed to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on February 23, 2024 (Doc. 37), are adopted in full;
2. The petition for writ of habeas corpus is denied;
3. The Clerk of Court is directed to close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: ___April 18, 2024___   _____
UNITED STATES DISTRICT JUDGE